# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILMA M. PENNINGTON-THURMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-162-PLC |
| | ) | |
| CHRISTIAN HOSPITAL NORTHEAST, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Wilma M. Pennington-Thurman for leave to proceed *in forma pauperis* in this civil action. Upon consideration of the financial information provided therein, the Court finds that plaintiff is unable to pay the filing fee. The motion will therefore be granted. In addition, the Court will partially dismiss the complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

*Pro se* complaints must be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff states she brings this action pursuant to the Emergency Medical Treatment and Active Labor Act of 1986 (EMTALA), 42 U.S.C. § 1395dd, against Christian Hospital Northeast and Derrick S. Lowery, M.D. Plaintiff avers that she and both defendants are Missouri residents. She alleges as follows.

On January 31, 2017 at 3:45 a.m., plaintiff arrived at Christian Hospital Northeast via ambulance. She spent 90 minutes in the emergency room where she was left "screaming for help," and was then moved to the waiting room when she complained she did not feel well. (Docket No. 1 at 5). Plaintiff writes "[t]he trauma of the pain and not receiving an appropriate medical screening." *Id.* She alleges that Christian Hospital Northeast and Dr. Lowery "failed to

2

exercise the degree of skill, care and learning possessed by other persons in the same profession," and that Missouri law allows her to recover from a health care provider for damages for personal injury not more than $400,000. She seeks that amount in damages to compensate her for her pain and suffering, and emotional distress that caused PTSD.

Included with plaintiff's complaint is a pleading titled "Medical Malpractice Lawsuit Against Christian Hospital Northeast and Derrick S. Lowery for Violation of the Emergency Medical Treatment and Active Labor Act." Therein, plaintiff alleges, *inter alia*, that Dr. Lowery reviewed her chart and failed to contact her private oncologist. She also alleges Dr. Lowery and other medical personnel tried to evaluate plaintiff and take a history from her but could not do so because she was screaming and thrashing, that she was given a shot and later apparently evaluated but denied pain or discomfort. She alleges she was later left screaming in her room, was told she would not be admitted to the hospital, and was discharged.

**Discussion**

On March 4, 2019, defendant Christian Hospital Northeast filed a waiver of service of process, and its answer or motion pursuant to Rule 12 is due on May 3, 2019. The Court will therefore take no action regarding defendant Christian Hospital Northeast at this time. However, regarding defendant Derrick Lowery, M.D., the Court will dismiss plaintiff's claims that are predicated upon the EMTALA, and will decline supplemental jurisdiction over any state law claims plaintiff may or may not have.

While the EMTALA's civil enforcement provision expressly permits a private cause of action against a participating hospital, it does not expressly permit a private cause of action against an individual physician. *See* 42 U.S.C. § 1395dd(d)(2)(A) ("Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this

section may, in a civil action *against the participating hospital*, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate") (emphasis added). In *King v. Ahrens,* 16 F.3d 265, 270-71 (8th Cir. 1994), the Eighth Circuit addressed for the first time the issue of whether the EMTALA's civil enforcement provision permitted a private cause of action against either a private clinic, or against an individual physician working in a private clinic. In determining it did not so permit, the *King* Court found it significant that the EMTALA repeatedly used the terms "hospital" and "hospital emergency department," that the plain language of the EMTALA's civil enforcement provision specifically authorized a private cause of action only against a "participating hospital," and that the statutory definition of "participating hospital" did not encompass an individual physician. *Id.* at 270-71. The Court went on to note that there was "no basis on which to imply a private cause of action against a physician," as "Congress expressly created a private remedy which by its plain language is limited to a private cause of action against the hospital." *Id.* at 271.

Additionally, the *King* Court cited, with approval, cases from other courts that determined that the EMTALA did not permit a private cause of action against an individual physician working in a hospital. *Id.* (citing *Delaney v. Cade*, 986 F.2d 387, 393–94 (10th Cir. 1993), *Baber v. Hospital Corp. of America*, 977 F.2d 872, 877–78 (4th Cir. 1992), and *Helton v. Phelps County Regional Medical Center,* 817 F. Supp. 789 (E.D. Mo. 1993). Finally, in addition to *Helton*, another district court within the Eighth Circuit determined that the EMTALA does not provide a private cause of action against an individual physician working in a hospital emergency room. *Heimlicher v. Steele,* 442 F. Supp. 2d 685 (N.D. Ia. 2006). Based upon the foregoing, this Court concludes that the Eighth Circuit would most likely conclude that the

4

EMTALA does not provide a private cause of action against individual physicians working in hospital emergency rooms, and plaintiff's EMTALA claim against Dr. Lowery should therefore be dismissed.

Because plaintiff's federal claim against Dr. Lowery will be dismissed, the Court will decline supplemental jurisdiction over any state law claims plaintiff may or may not have against Dr. Lowery. *See Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (where all federal claims have been dismissed, district court's decision to decline supplemental jurisdiction over state claims is "purely discretionary").

Plaintiff has also filed a motion to appoint counsel. The Court will deny the motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present her claims. *Id.* After considering these factors, the Court concludes that the appointment of counsel is not warranted at this time. Based upon the complaint, it does not appear that this case is factually or legally complex, nor does it appear that plaintiff will be unable to investigate the facts or clearly present her claims. In addition, the motion is premature, as discovery has not begun and it is therefore unclear whether conflicting testimony exists. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's claims against Derrick Lowery, M.D. predicated upon the Emergency Medical Treatment and Active Labor Act of 1986 are **DISMISSED** without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over any state law claims plaintiff may or may not have against Derrick Lowery, M.D.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 10th day of April, 2019.

                                                  E. RICHARD WEBBER
                                                  UNITED STATES DISTRICT JUDGE