UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILMA PENNINGTON-THURMAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-CV-162 PLC |
| ) | |
| CHRISTIAN HOSPITAL NORTHEAST, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Wilma Pennington-Thurman's "Motion for Rehearing on the Court's Memorandum and Order Issued October 22, 2019."[1] [ECF No. 39] Defendant Christian Hospital Northeast opposes the motion. [ECF No. 43]

This case arises from the allegedly inadequate medical treatment that Plaintiff received in Defendant's emergency department on January 31, 2017. [ECF No. 1] In her pro se complaint, Plaintiff alleged that Defendant[2] violated the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd, by failing to: (1) provide appropriate medical screening because Defendant believed Plaintiff lacked health insurance; and (2) stabilize Plaintiff prior to discharge. Plaintiff also stated a claim for medical malpractice. With her complaint, Plaintiff

---

[1] Although titled "Motion for Rehearing," Plaintiff's motion requests the Court to reconsider its decision of October 22, 2019. The Court will therefore refer to and analyze Plaintiff's motion as a motion for reconsideration.

[2] Plaintiff also alleged claims against Dr. Lowery, which the Court dismissed with prejudice because EMTALA does not permit a private cause of action against an individual physician. [ECF No. 11 (citing King v. Ahrens, 16 F.3d 265, 270-71 (8th Cir. 1994))] Because the Court dismissed Plaintiff's federal claims against Dr. Lowery, it "decline[d] supplemental jurisdiction over any state law claims plaintiff may or may not have against Dr. Lowery." [Id. at 6] Plaintiff filed a "motion to alter or amend," requesting the Court to reconsider its order dismissing her claims against Dr. Lowery. [ECF No. 15] On June 3, 2019, the Court denied the motion. [ECF No. 24]

filed an affidavit stating that she had obtained the written opinion of "a qualified health care provider," as required by Mo. Rev. Stat. § 538.225. [ECF No. 1 at 18] Plaintiff identified Defendant's vice president and regional chief medical officer, Dr. Rueckert, as the qualified health care provider and attached a letter from him to the affidavit. [ECF No. 1-1]

Defendant moved to dismiss Plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). [ECF no. 17] In its memorandum and order of October 22, 2019, the Court denied in part and granted in part the motion to dismiss. [ECF No. 33] In regard to Plaintiff's EMTALA claims, the Court found that Plaintiff alleged sufficient facts to state a claim for failure to stabilize her medical condition. However, the Court dismissed Plaintiff's failure-to- screen claim because her factual allegations did not demonstrate a connection between her perceived uninsured status and the screening she received. The Court also dismissed Plaintiff's medical malpractice claim because the letter from Dr. Rueckert did not satisfy section 538.225's written opinion requirement.

In the instant motion, Plaintiff requests the Court to reconsider its decision to dismiss Plaintiff's EMTALA failure-to-screen and medical malpractice claims. [ECF No. 39] In support of her motion, Plaintiff reiterates the arguments presented in her response to Defendant's motion to dismiss. Plaintiff argues that Dr. Lowery failed to promptly and properly screen her "for discriminatory purposes." [Id. at 3] Plaintiff also contends that the letter from Dr. Rueckert satisfied the written opinion requirement of Mo. Rev. Stat. § 538.225 because he was licensed to practice emergency medicine and the letter communicated "an admission that the medical treatment Plaintiff received was not proper[.]" In response, Defendant asserts that the Court did not clearly err when it determined that: (1) Plaintiff failed to plead factual allegations to support an EMTALA failure-to-screen claim; and (2) Dr. Rueckert's letter did not satisfy section

2

538.225 because it did not acknowledge a breach in the standard of care. [ECF No. 43]

Rule 54(b) of the Federal Rules of Civil Procedure governs motions to reconsider orders that do not constitute final judgments in cases. See Julianello v. K-V Pharm. Co., 791 F.3d 915, 923 n.3 (8th Cir. 2015). Rule 54(b) provides that "any order...that does not end the action as to any of the claims or parties [ ] may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

"Under Rule 54(b), a court may reconsider an interlocutory order to 'correct any clearly or manifestly erroneous findings of fact or conclusions of law.'" Jiang v. Porter, No. 4:15-CV-1008 CEJ, 2016 WL 193388, at *1 (E.D. Mo. Jan. 15, 2016) (quoting Bancorp Servs., LLC v. Sun Life Assur. Co. of Canada, No. 4:00-CV-1073 CEJ, 2011 WL 1599550, at *1 (E.D. Mo. Apr. 27, 2011)). "[W]hen evaluating whether to grant a motion to reconsider, the Court also has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders." Jenkins v. Seifert, No. 4:16-CV-1550 AGF, 2017 WL 3458333, at *1 (E.D. Mo. Aug. 11, 2017) (quoting Trickey v. Kaman Indus. Techs. Corp., No. 1:09-CV-00026 SNLJ, 2011 WL 2118578, at *2 (E.D. Mo. May 26, 2011)).

Plaintiff has not identified any clearly or manifestly erroneous findings of fact or conclusions of law in the dismissal order. Nor does Plaintiff present new facts or evidence in support of reconsideration. Instead, she reasserts arguments previously raised in response to Defendant's motion to dismiss and rejected by the Court in its October 22 memorandum and order. As a result, Plaintiff has not provided a sufficient basis for the Court to reconsider its October 22 memorandum and order.

After careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Rehearing on the Court's Memorandum and Order Issued October 22, 2019" [ECF No. 39] is **DENIED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of November, 2019